Henry H. Horton, et al., plaintiffs in error, vs. Lewis F. Hicks, Sheriff, for the use of another, defendant in error.

H. was arrested under a *ca. sa.*, at the instance of B. He gave bond to take the benefit of the insolvent debtors Act. He was again arrested at the instance of W., and gave bond to keep the prison limits. The securities in the *ca. sa* bond surrendered H. to the Sheriff, and he gave another prison limits bond. Upon the expiration of the six calendar months, under the first prison limits bond to W., the Sheriff put H. in jail, the other prison limits bond having still six days to run. H. escaped from jail.

*Held,* That the securities on the second bond were not liable.

Debt, from Crawford county.   Tried before Judge LAMAR, September Term, 1858.

This was an action of debt on a prison bounds bond brought by Lewis F. Hicks, sheriff, for the use of Elijah Bond, against Henry H. Horton, principal in the bond, and W. W. Matthews and others, sureties.

The case was submitted upon the following agreed statement of facts:

That Henry H. Horton was arrested by virtue of a *ca. sa.*, at the suit of Elijah Bond, on the 24th March, 1856, and entered into bond with security, for his appearance to take the benefit of the honest debtor's Act, at July Term, 1856, of the Inferior Court of the county of Crawford.   That on the 9th June, 1856, the sureties surrendered Horton to the Sheriff, when he gave bond for the prison limits.   That before this surrender, on the 31st May, 1856, Horton was arrested by virtue of a *ca. sa.*, at the suit of E. F. Wood & Co., and gave bond for the prison limits; that he remained within the prison bounds until the 1st December, 1856, when he was taken by the Sheriff, and closely confined in the jail of said county; the six months having expired since his arrest, and giving bond for said limits, under the *ca. sa.* of Wood & Co.   That Horton remained in jail until the 3d December, 1856, when he broke jail, and escaped, and fled beyond the jail limits, and beyond the limits of the county.   B. A. Horton was surety for H. H. Horton, upon both the prison bounds bonds, and the *ca. sa.* bond.   That H. H. Horton at the time he escaped, was not confined in the jail at the suit of Bond, and he was not surrendered by any of his sureties on the prison bounds bond, given in the case of Bond.   That he made his escape six days before the expiration of six months from the date of the bond sued on. That he never took the benefit of the honest debtor's Act, in the case on which Bond had him arrested, and never paid

Bond's debt, and that his escape was not by the knowledge or consent of Bond or any of his attorneys.

Upon this statement of facts, the sureties moved for a non-suit, on the ground, that their principal, H. H. Horton, was taken from their custody and control by the Sheriff, and confined in jail, and they were thereby discharged from their liability on said bond.

The Court overruled the motion, and the jury under the direction of the Court signed a verdict for the plaintiff, and defendants excepted.

SAM. HALL ; G. P. CULVERHOUSE ; GRICE & WALLACE, for plaintiffs in error.

COOK & MONTFORT ; and HUNTER, *contra*,

*By the Court.*—LUMPKIN, J. delivering the opinion.

Are the securities on the unexpired bond liable for the escape of Horton from jail ?

The statute says to the debtor, give security that you will not go beyond the ten acres, and you shall not be confined within the four walls. He accepts the privilege and executes the requisite bond. He is seized by authority of law from another quarter and shut up in jail. Ought his bondsmen to be further responsible for his safe keeping ?

The liberty of the debtor is the consideration for the bond, which fails as soon as he is committed to close confinement. To hold the bail liable after this, would be unreasonable. Deprive the debtor of the partial liberty secured to him in consequence of giving the bond, and the only object in giving it is defeated ; while the prisoner had volition, he did comply with his undertaking. By the act of incarceration his status was changed, and was then an act between the Sheriff and himself, and no body else. . And shall the sheriff make his own neglect a cause of action against the securities ?

Is there a case known to the law, where securities are liable for the safe keeping of a prisoner, civil or criminal, who is legally confined within the four walls of the jail? We apprehend not.

Judgment reversed.