HARTLEY *et al. vs.* COLQUITT, governor.

[Blandford, Justice, not presiding.]

It is *res adjudicata* in this case that the arrest of a defendant who is under bail, upon a different charge, and the immediate giving of a second bond by him, with new securities, to answer the second charge, does not discharge the sureties on the first bond.

(*a.*) It does not matter that the sureties on the second bond advised the principal to flee the country.

(*b.*) This case differs from 27 *Ga.*, 311; 51 *Id.*, 158; 58 *Id.*, 341.

March 4, 1884.

Criminal Law. Bonds. Principal and Surety. Before Judge WILLIS. Taylor Superior Court. October Adjourned Term, 1883.

This was a *scire facias* to forfeit a criminal recognizance. In answer to the rule *nisi*, the sureties set up the following facts: A. N. West was arrested on a warrant for assault with intent to murder, and Hartley, Hines and Bateman became the sureties on his bond for $200.00 for his appearance at the October term, 1882, of Taylor superior court. After he gave this bond, he was again arrested on another warrant by the sheriff of Taylor county, and for another offense, was bound over therefor, and gave a bond for his appearance at the same term of the court, with James West, his brother, and J. W. Souter, his father-in-law, as sureties, who thereupon took him in their charge, and advised, directed and commanded him to flee the country, and leave his bondsmen to their rights under the law, which he did. And further, after these defendants became the sureties of West, the sheriff of the county, by virtue of the warrant above stated, arrested West and took him out of their custody and into his own custody.

The rule was made absolute, and defendants excepted.

W. S. WALLACE & SON, for plaintiffs in error.

THOS. W. GRIMES, solicitor general, by W. A. LITTLE, for defendant.

JACKSON, Chief Justice.

This case was decided at the last term, and the principle then ruled covers it now.* It is true that the cause now shown adds that the sureties on the second criminal charge advised and directed the defendant to flee the country; but that fact, while it makes them more guilty of violating law, and responsible on their own recognizance, does not release these plaintiffs in error as sureties on another recognizance for a different offense. Nor does it matter that the sheriff arrested defendant on a different charge while in their custody as bail under this charge. In contemplation of law, the defendant is always, from the date of the bond, in the custody of his bail, but the bond binds them to produce him for trial. If at the time of the arrest on the last charge, if done in their presence, as their answer to the rule intimates, they had notified the sheriff that they then and there delivered him up, and were responsible no longer on the case in which they were his sureties, then the sheriff would have required other sureties on this charge or put the principal in jail, and these plaintiffs in error would have been discharged; but this was not done, and the naked question decided before remains, does the arrest of the principal on a different charge by the sheriff release his sureties for appearance to answer the first charge?

That is *res adjudicata*, and must stand as the law of this case. The cases in 27 *Ga.*, 311; 51 *Id.*, 158, and 58 *Id.*, 341, do not touch this.

Judgment affirmed.

*See West *et al. vs.* Colquitt, governor, 71 *Ga.*, 559.